Uhl *v.* Bingaman *et al.*

No. 8194.

## UHL *v.* BINGAMAN ET AL.

PARTNERSHIP.—*Notice of Dissolution.*—Whern a partner withdraws from a firm, direct personal notice of the fact to a customer is not necessary to relieve him from liability upon contracts made in the name of the old firm with such customer, after such withdrawal. Actual knowledge of the fact, however received, is sufficient.

SAME.—*Burden of Proof.*—Though, in a suit against partners, the plaintiff, being a customer, must prove the partnership to have existed, yet, having done so, if any defendant seeks to escape upon the ground that he had withdrawn from the firm before the contract was entered into, the burden is then on him to show such withdrawal, and that the fact had come to the plaintiff's knowledge.

INSTRUCTIONS.—*Practice.*—The error of an incorrect instruction to the jury is not cured by giving another which states the law upon the same subject correctly, unless the erroneous instruction be expressly withdrawn.

From the Cass Circuit Court.

*M. Winfield, Q. A. Myers, D. C. Justice* and *W. D. Owen,* for appellant.

*R. Magee* and *S. T. McConnell,* for appellees.

WOODS, J.—In this case, as in the case of *Uhl* v. *Harvey, ante,* p. 26, the action was upon a certificate of deposit, issued by a banking firm doing business under the name of "People's Bank." The appellant, who, with the other defendants, was charged as a maker of the certificate, answered by a plea of *non est factum,* and, the jury having returned an adverse verdict, moved for a new trial, alleging, among other causes, misdirection of the jury by the court. The other defendants besides Uhl have refused to join in the appeal.

At the request of the appellee, the court gave the following instruction:

"If you find from the evidence, that the defendants, Standley, Atkinson, Whiteside, Thompson, Uhl and Strecker, were partners doing business under and by the name of the People's Bank of Logansport, Indiana, and that, while they were such partners, the plaintiff had dealings with such bank and

was a creditor of the same, and if you further find that the plaintiff did, upon the 17th day of June, 1876, deposit with the People's Bank of Logansport the sum of $747.65, which sum was unpaid at the commencement of this suit; *and if you further find that the plaintiff had no personal and direct notice of the dissolution of said firm by the withdrawal of any of its members,* then I charge you as the law, that the plaintiff in this action is entitled to recover from all the defendants, the amount of his deposit as set out in his complaint, with interest thereon from date, provided the plaintiff has proven the other material allegations of his complaint."

In reference to this, counsel for the appellant say:

" Passing over other objections to this instruction, that portion which requires Uhl to prove *personal* and *direct* notice to the plaintiff is clearly objectionable. Personal and direct notice is not required in any case. The law says that in the case of an old dealer there must be *actual* notice. Constructive notice is not sufficient. But actual notice may exist, and yet the party dealing with the firm may never have had any direct personal communication with either the retiring members or those who continue the business. Usually, notice is brought to the parties by indirect means.

" The instruction is radically wrong for another obvious reason. One essential element of recovery is omitted. The plaintiff must have known that Uhl was a partner, or who the partners were. The liability of a retiring partner to an old dealer for a failure to give notice is based upon the principle that the credit is given because of his connection with the firm. Having known that he was once a partner and dealt with him as such, the creditor has a right to assume that his connection with the firm continues. Of two innocent parties, he should suffer whose negligence was the cause of the injury. I cite the following from Wade on the Law of Notice, page 215:

"'It has therefore been held that, in order to render a retired partner liable to those having subsequent dealings with

his successors in business, three facts must concur: 1. That the party seeking to hold him must have known at the time he dealt with the firm, of the former partnership. 2. That he was ignorant of the dissolution, and 3. That his dealings with the partnership were had supposing that he was contract-ing with the retired partner as well as his successors, and in reliance upon their joint liability. It was also held that general notoriety with respect to the existence of the partnership which had been dissolved without notice would not be sufficient to supply the place of knowledge. The transaction, to entitle the creditor to enforce his remedy against the retired partner, jointly with those continuing the business, must be, on the part of the creditor, based upon his faith in the solvency and standing of the party he seeks to hold. He could not be presumed to have acted upon such faith unless there was some antecedent knowledge of the fact upon which he is supposed to rely.' *Pratt* v. *Page*, 32 Vt. 13."

But for the proviso at the end of the instruction, both these grounds of objection would seem to be well taken. There were, however, in each paragraph of the complaint, averments that the plaintiff, before making the deposit in question, had dealt with the firm when all the defendants were members of it, and on the faith of their responsibility, and that he made the deposit in suit without knowledge of the withdrawal of any of them, and in the belief that they still composed the firm. These are material averments, and the proviso of the instruction required proof of them in order to establish the plaintiff's right of recovery.

The second objection to the instruction, therefore, can not be sustained.

It was error, however, to tell the jury, as was impliedly done, that the plaintiff, as a customer of the old firm, was entitled to personal and direct notice of withdrawal of any partner whom he had known as such, and that, if after such withdrawal and without such notice, he gave credit to the new

firm (doing business under the old name), he had a right to look to the responsibility of the retired member.

The meaning of the phrase, "personal and direct notice," as used, would seem to be, not actual notice merely, but a personal notice, delivered or sent by the appellant directly to the plaintiff. Such, we think, was probably the jury's understanding of it. There is, we believe, no authority for requiring such notice. It is only necessary that the former dealer with the firm shall receive actual notice or knowledge of the retirement, but it is not necessary that the notice be communicated directly by or from the member who has retired. It may be inferred from newspaper publications, general notoriety, or such other competent evidence, as shall be sufficient to convince the jury that the party actually received the information.

We can not say, upon the entire record, that the error is merely technical, and did not affect the result of the case. The record shows that two or more witnesses testified to interviews with the plaintiff, in which, in answer to his inquiries, they had told him that Uhl had retired from, or was not connected with, the People's Bank; and there was also other evidence of indirect notice. The plaintiff, in his testimony, denied the statements of these witnesses; but it is impossible for us to determine whether the jury found the verdict for the plaintiff on the strength of his denials, or upon the ground that the testimony of the other witness, though true, did not show direct notice. It is true that other instructions were given, in which the requisite notice was spoken of as actual notice or knowledge, and there was an instruction to the effect that public notoriety was a circumstance tending to prove the notice. But the erroneous statement contained in the instruction under consideration was not expressly withdrawn, and it has been often held that the error of a bad instruction is not cured by a good one.

The court instructed the jury generally that the plaintiff had the burden of proof that the appellant was a partner with

Uhl *v.* Bingaman *et al.*

his co-defendants, or some of them, and liable upon the certificate, and also gave a special instruction, to the effect that notice to the plaintiff, after he had become a customer of the bank, of the subsequent retirement of any of the partners, would not be presumed, but must be proved by the defendant by a fair preponderance of the evidence.

It is claimed that this charge is wrong in itself, and inconsistent with the general charge that the burden was on the plaintiff to show the liability of the defendants. We do not think so. There can be no doubt that the general burden of the issue was, as the court instructed, on the plaintiff; but, in order to show his right of recovery against the appellant, it was only necessary to show that the appellant had been a member of the firm; that, knowing the appellant's connection, he had dealt with the bank; that the business had been carried on without change in the name of the firm, and was being so conducted at the time he made the deposit which the action was brought to recover. He was not bound to offer evidence of the negative fact, that he had not received notice of the appellant's withdrawal. Before the enactment of the law making parties witnesses, it would apparently have been impossible, under ordinary circumstances, for him to have made such proof, and the change in the law, as to the competency of parties to testify, does not affect the question. The suit might be by or against the administrator of either party, or the plaintiff might, though alive, be incapacitated by sickness, or otherwise, to testify. Besides, as we have seen, the proof of notice may consist in circumstantial evidence, common rumor, publication in newspapers, and the like; and, if the plaintiff has the initiative of the proof on the subject, then he must, besides showing that he had not received express or direct notice, go further and show that the circumstances attending the withdrawal, and subsequent occurrences, were not such as to warrant an inference of his having been informed of the dissolution or retirement. The law imposes on the re-

tiring partner the duty of communicating notice of the fact to former customers. He therefore necessarily has, or ought to have, the means of showing that he did what he was bound to do in order to escape continued liability; and when the question of his liability, in a particular case, is narrowed down to the single inquiry, whether the requisite notice was given, the burden of the proof ought plainly to be upon him who was required to give the notice.

Other questions have been discussed by counsel, but, so far as they are important, they are covered by what has already been said in this case and in the case of *Uhl* v. *Harvey, supra.*

Judgment reversed, with costs, and with instructions to grant to the appellant a new trial.