McCrory v. Anderson.

No. 9697.

McCRORY v. ANDERSON.

APPEAL BOND.—*Parol Evidence of Filing and Approval.—Justice of the Peace.*—Upon appeal to the circuit court from a justice of the peace, the fact that the appeal bond was filed with and approved by the justice may be shown by parol, without a formal finding of such fact being first made by the court.

PLEA IN ABATEMENT.—*Misnomer.—Amendment.—Practice.*—A misnomer may be pleaded in abatement in this State; but such plea is of little value, as a mistake in a name, in a civil case, can be amended under section 396 of the civil code, and as the provisions of the English statute of 3 and 4 Wm. IV., c. 42, are substantially made applicable to criminal cases by sections 1742 and 1743 of the criminal code.

SAME.—An answer in abatement for misnomer is bad, if it fails to aver that the defendant had never been known or called by the name by which he is sued.

JUDICIAL KNOWLEDGE.—*Terms of Courts.*—The Supreme Court takes judicial knowledge of the terms of the circuit courts of this State.

JURIES.—*Act of April 15, 1881, Concerning.—Construction of.*—The act of April 15th, 1881, concerning juries, only fully repealed previous statutes on the same subject, when, from the lapse of time, or other kindred causes, all of its provisions became inconsistent with its declared object and purposes; and a jury drawn under the former law continued in existence until superseded by one drawn under the new law, unless its term of service had previously expired.

INSTRUCTIONS TO JURY.— *When Error Cured.*—An erroneous instruction is not cured by the subsequent giving of a correct one unless the former be withdrawn; but where the court substitutes and reads to the jury another series of instructions for the series first read, in which substituted series the error is corrected, this fact is equivalent to a withdrawal of the first series.

From the DeKalb Circuit Court.

*J. E. Rose* and *E. D. Hartman*, for appellant.
*W. L. Penfield*, for appellee.

NIBLACK, J.—Thomas P. Anderson commenced this action before a justice of the peace of DeKalb county, against Drucilla McClory upon a promissory note for $100, payable twelve months after date, and purporting to have been executed by the latter on the 25th day of June, 1873.

The defendant answered under oath : *First.* That her real

McCrory v. Anderson.

and only name was Drucilla McCrory, and that it was not and never had been Drucilla McClory; wherefore she demanded that the suit should abate. *Secondly.* Denying the execution of the note. There was a finding and judgment for the defendant before the justice.

The plaintiff appealed to the circuit court, where there was found, amongst the papers in the cause, what purported to be an appeal bond signed by him, and one Miller as his surety, but there was nothing either contained in the transcript, or endorsed upon the bond, showing that the bond had been filed with, or approved by, the justice. The defendant, for that reason, moved to dismiss the appeal, but pending that motion, and as counter to it, the plaintiff asked leave to introduce parol evidence to prove that the bond had been both filed with, and approved by, the justice. This leave was granted, and, after hearing parol evidence as proposed, the circuit court overruled the motion to dismiss the appeal. A demurrer was then sustained to the answer in abatement, and when the cause was called for trial, which was on the 28th day of May, 1881, the defendant challenged the array of the jury, upon the ground that the jury had been selected under a statute which had been repealed by the act concerning the selection of juries, approved and declared to be in force on the 15th day of April, then immediately preceding. This challenge to the array was nevertheless overruled, and the trial proceeded, resulting in a verdict and judgment for the plaintiff for the amount claimed to be due upon the note.

It is first complained that the circuit court erred in refusing to dismiss the appeal taken from the judgment rendered by the justice, as herein above stated, upon the ground that it was not competent to hear parol evidence to supply the alleged omissions of the justice, and upon the further ground that the court ought to have first made a formal finding that the bond had been filed with, and approved by, the justice.

There was no error in the admission of the parol evidence.

*Miller* v. *O'Reilly*, 84 Ind. 168. In a proceeding so entirely incidental and summary, a formal finding was unnecessary.

The evidence objected to is not in the record, and hence, as all the presumptions are in favor of the regularity of the proceedings below, we must assume that it was sufficient to justify the circuit court's refusal to dismiss the appeal.

The next complaint is that the circuit court erred in sustaining a demurrer to the answer in abatement.

By the common law the misnomer of the defendant might be pleaded in abatement, but by the statute of 3 and 4 William IV., c. 42, pleas in abatement for misnomer were abolished, and the defendant enabled to compel an amendment by the insertion of his real name if he chose to do so. 1 Chitty Plead. 266; 1 Saunders Plead. & Ev. 10. The decided cases in this State are not very explicit on the subject of misnomer, but the fair inference from our cases is that the common law rule is still recognized, and that a misnomer may still be pleaded in abatement. 1 Works Prac., section 505, and authorities cited. But, however that may be, an answer in abatement for a misnomer is now of very little practical value in this State, since a mistake in a name, in a civil case, can be readily and promptly amended under section 396 of the present civil code, and since the provisions of the English statute are substantially made applicable to criminal causes by sections 1742 and 1743 of our criminal code. The answer in abatement in this case was, in any event, bad for not averring that the defendant had never been known or called by the name of Drucilla McClory.

The challenge to the array of the jury was based upon the theory that the repeal of the law under which it was selected necessarily operated as a discharge of all juries drawn under that law, and that, consequently, the persons then called to serve as jurors were to be regarded as never having been legally selected to act in that capacity.

The sixth section of the act of April 15th, 1881, provided that jury commissioners for the year 1881 should be ap-

pointed at the first term of the circuit court of each county which might be held after the act took effect, and we know judicially that no term of the DeKalb Circuit Court had intervened between the 15th day of April, 1881, and the term at which this cause was tried. Hence sufficient time had not elapsed to allow the new law to come into full operation in DeKalb county when the May term, 1881, of its circuit court convened. We regard the fair construction of this new law to be that it only fully repealed previous statutes on the same subject, when, from the lapse of time, or. other kindred causes, all of its provisions became inconsistent with its declared object and purposes. The necessary inference from this construction is, that a jury, drawn under the former law, continued in existence as a lawfully selected jury until superseded by a jury drawn under the new law, unless its term of service had previously expired.

The circuit court, upon its own motion, first instructed the jury, in connection with other matters embraced within its general instructions, that upon the issue formed by the pleadings the burden of proof was upon the defendant.

After the jury had retired and remained in its room an hour or more, the foreman signified to the bailiff that a verdict had been agreed upon. This information was communicated to the court, whereupon the judge announced to the attorneys of the parties respectively that he thought he had made a mistake in instructing the jury that the burden of proof was on the defendant, and that he intended to change his instructions in that respect. He then took up his instructions, which were in writing, and by striking out some words and adding others, made them read that the burden of proof was upon the plaintiff. The judge then further announced to the attorneys that he intended to recall the jury to the court-room and re-read to it his instructions as thus modified. It was thereupon agreed by the attorneys of both parties that the judge might, instead of recalling the jury, go to the jury-

room and re-read his instructions as amended.   He then went into the jury-room and re-read his instructions, as they were above amended, to the jury, neither one of the parties, nor any of the attorneys, being present or within hearing distance at the time.   The jury immediately thereafter returned into court the verdict which had been previously agreed upon, and which is the verdict upon which the judgment in this case was rendered.

It is earnestly, and with much elaboration in argument, insisted that the error into which the circuit court fell, by its instructions as first given, was not cured by the subsequent proceedings lastly above set forth.

It is true, as contended, that an erroneous instruction is not cured by the subsequent giving of a correct instruction covering the same subject, unless the erroneous instruction be either expressly or plainly withdrawn.   Buskirk Pr. 289; *Kirland* v. *State*, 43 Ind. 146 (13 Am. R. 386); *Uhl* v. *Bingaman*, 78 Ind. 365 ; *McCole* v. *Loehr*, 79 Ind. 430.

While the proceeding touching the amended instructions in this case does not afford a commendable precedent to be followed in similar cases, we do not feel at liberty to hold that the error in giving the court's first instructions was not fairly and substantially cured by the re-reading of the instructions as amended.   The fair inference is that the jury understood the instructions, as re-read to it, to be a substitute for the instructions first given, and this substitution of one series of instructions for another ought, we think, to be regarded as the equivalent of an express withdrawal of the first series.   We are strengthened in this conclusion by the very decided impression that the verdict was probably right upon the evidence.

The judgment is affirmed, with costs.

Filed Sept. 16, 1885.