## McCLAREN ET AL. v. DAWES ELECTRIC SIGN AND MANUFACTURING COMPANY.

### [No. 12,519.    Filed May 17, 1927.]

1. APPEAL.—*Failure to give judgment against all defendants sued as partners may not be complained of by the judgment defendants.*—In an action against several defendants on the theory that they were partners and liable as such for merchandise sold to them by the plaintiff, the action of the court in not giving plaintiff a judgment against all of the defendants may not be complained of by the judgment defendants, as they were not harmed by such action.    p. 199.

2. PARTNERSHIP.—*Proof of partnership unnecessary when defendants are sued as partners and character not denied under oath.*—Under the provisions of §389 Burns 1926, where the plaintiff sued the shareholders of a common-law trust as partners, he was not required to prove they were partners unless the character in which they were sued was denied under oath. p. 201.

3. PARTNERSHIP.—*Evidence held sufficient to justify finding that shareholders in common-law trust were liable to plaintiff as partners.*—In an action against the shareholders of a common-law trust, doing business in a corporate name, to recover the price for which merchandise was sold to them, evidence *held* sufficient to justify a finding that the defendants were partners and were liable for the amount of the indebtedness to plaintiff as partners.    p. 201.

From Allen Superior Court; *Charles J. Ryan,* Judge.

Action by the Dawes Electric Sign and Manufacturing Company against Henry E. McClaren, Martin G. Huser and others as partners.    From a judgment for plaintiff, the defendants named appeal.    *Affirmed.*    By the court in banc.

*William E. Clapham,* for appellants.

*James R. Newkirk* and *Breen & Morris,* for appellee.

McMAHAN, C. J.—The Car Go Manufacturing Company having become financially involved, a receiver was

McClaren *v.* Dawes Electric Sign, etc., Co.—86 Ind. App. 196.

appointed therefor. Pending the receivership, appellee, by leave of court, filed its complaint against Henry E. McClaren, Martin G. Huser, the appellants herein and others, alleging that such named parties as partners had been doing business under the name of the Car Go Manufacturing Company; that they were indebted to appellee in the sum of $700 for certain goods, wares and merchandise sold and delivered to said company at their special instance and request.

One of the defendants named was a nonresident of the state and no service being had on him, he did not appear. Two of the defendants, Roy V. and Alice Miller, defaulted. The two appellants and Fred W. Jaebker filed an answer of general denial. There was a judgment in favor of appellees against appellants and Miller and Miller. Appellants' motion for a new trial being overruled, they appeal and insist the finding of the court is not sustained by sufficient evidence.

The undisputed evidence shows that the Car Go Manufacturing Company bought the goods and merchandise mentioned in the complaint from appellee and that there is a balance of $700, plus interest, due appellee. Appellants admitted on the trial and now admit that the Car Go Manufacturing Company owes appellee for the goods purchased. They contend, however, that they are not liable for the debt or any part thereof.

The merchandise in question was ordered in October, 1923, the order being in writing, and signed "Car Go Manufacturing Company, Per R. V. Miller, Pres." On the back of the order, with other writings, were the words: "Mr. Henry McClaren, V. P." This order was made out and signed at a time when Miller, who was president of the Car Go company, and appellant McClaren were at Milwaukee, Wisconsin.

Appellants insist that the Car Go company was operating as a business trust under a declaration of trust,

and that it was not a partnership and that they are not liable as partners. The evidence shows that on November 25, 1922, Roy V. Miller, Fred C. Zimmerly and A. C. Miller, wife of Roy V. Miller, and who is the defendant Alice C. Miller, signed and acknowledged a declaration of trust, which was recorded a few days later in the recorder's office of Allen county. This instrument, after stating that "certain moneys, rights and interests and property rights," as set forth in "Schedule A," which was not made a part of the instrument or recorded, had been conveyed to them to be held in trust for the purposes therein stated, declared that said trustees held the property in trust, and the association should be designated as and do business as the "Car Go Manufacturing Company." It provided for issuance of certificates to shareholders; for five trustees who should be shareholders; that the trustees should be the owners of the property of the company, control its business affairs and elect their own successors; declared that it was a trust and not a partnership and that neither the trustees nor the shareholders should ever be personally liable as partners; that all orders, requisitions, bill-heads, and stationery used by the trustees should have printed thereon the words: "Operating under a Declaration of Trust." Provision was made for the carrying on of a manufacturing and sales business, the election of officers and for the use of a seal bearing the name of the association. The association kept a record of the meetings of the trustees. It appears quite certain that appellants became trustees of the so-called trust as early as November, 1923, and that, on October 22, of that year, they subscribed for and purchased a number of the shares of the association, appellant McClaren becoming vice-president thereof. They were re-elected trustees at a meeting of the trustees January 8, 1924, they having

been first elected at an adjourned meeting of the trustees held November 2, 1923, which was in accordance with an agreement dated October 22. They continued to act as trustees thereafter.

Appellee had no notice or knowledge of the existence of the "Declaration of Trust." The letters, bill-heads, and stationery used by the association did not have printed thereon the words: "Operating under a Declaration of Trust" as required by the declaration of trust, but did have printed thereon "Car-Go Manufacturing Co., Inc." The defendant Jaebker became a shareholder in the association the same as did appellants. He was never a trustee and does not appear to have been active in the business affairs of the association, and no judgment was rendered against him. The judgment, as heretofore stated, was against the two Millers, McClaren and Huser, they being four of the five trustees. The other trustee was a nonresident of the state, was not served with summons, did not appear, and no judgment was rendered against him.

Appellants say that the action was prosecuted on the theory that the defendants other than the receiver were partners; that unless the evidence showed that

1. Jaebker was not liable, the judgment should have been against him, the Millers, and appellants jointly. The fact, if it be a fact, that the parties against whom the judgment was rendered and Jaebker were partners and the debt sued on was a partnership obligation, it would have been just and proper for the court to have rendered a judgment against Jaebker as well as against appellants and the Millers. We do not see what right appellants have to complain because no judgment was rendered against Jaebker. Appellee is not complaining of the action of the court in failing to give him a judgment against Jaebker. Appellants, not being harmed by such action, have no right to complain.

The next contention of appellants is that the Car Go Manufacturing Company is a trust and not a partnership. We do not believe the question as to whether that company is a trust or a partnership, or as to the liability of the shareholders and the trustees, as such and as between themselves, is necessary to a decision of the questions involved in this appeal. Nor do we need to decide whether there is any law in this state, statutory or otherwise, authorizing or recognizing the right to organize an association for the purpose of conducting a mercantile business under a declaration of trust, and thus evade the statutes concerning the organization of corporations, or through which the shareholders can escape their liabilities as partners. It has been suggested that the declaration of trust under which appellants claim they were acting is a copy of declarations of trust under which it has been held by the Supreme Court of Massachusetts, that those operating thereunder, and interested in the business were not partners nor liable as such. This may be, and probably is true, but it must be remembered that such trust associations are recognized by the statutes of that state and their organization authorized. Such associations, even in that state, may be trust organizations or they may be partnerships, depending entirely on the provisions of the instrument under which they are organized. For a list of Massachusetts cases dealing with this question see: *Flint* v. *Codman* (1923), 247 Mass. 463, 142 N. E. 256; *Greco* v. *Hubbard* (1924), 252 Mass. 37, 147 N. E. 272; *Frost* v. *Thompson* (1913), 219 Mass. 360, 106 N. E. 1009; *Williams* v. *Milton* (1912), 215 Mass. 1, 102 N. E. 355; *Bouchard* v. *First People's Trust* (1925), 253 Mass. 895, 148 N. E. 895.

Under the issues in the instant case, appellee was not required to prove that the defendants were partners or

that the Car Go Manufacturing Company was a partnership. §389 Burns 1926, §371 of the Civil Code, Acts 1881 (Spec. Sess.) p. 240.

The evidence was sufficient to justify the court in finding that, in so far as appellee is concerned, the Car Go company was a partnership, and that appellants were liable as partners for the amount owing appellee.. While the declaration of trust under which appellants claim the company was operating provided that, "in every written contract or instrument or transaction creating liability, which the trustees shall enter into, it shall be expressly stipulated that no shareholder shall be liable, and reference shall be made to this declaration of trust," and that orders, requisitions, bill-heads, and stationery used by said trustees shall have printed thereon the following in substance: "Operating under a Declaration of Trust," the trustees not only failed to comply with either of these provisions, but they absolutely ignored them. We hold the evidence is sufficient to sustain the decision of the court, and that the decision is not contrary to law.

Judgment affirmed.