GEORGE ARAVA *vs.* COSTA BEBE.

NOVEMBER 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Pleading. Set-off.*

Set-off can not be shown under the general issue in assumpsit.

*(2) Pleading. Set-off.*

In an action of assumpsit defendant cannot introduce evidence showing an indebtedness of plaintiff to him, not arising out of plaintiff's claim, under the general issue.

*(3) Trial. Evidence. Proof.*

In an action of assumpsit, where plaintiff testified that defendant agreed to pay him a stipulated sum per week, which testimony was not contradicted, charge that such sum was the sole guide as to the value of plaintiff's services, was proper, as plaintiff was restricted in the amount of recovery by the wages agreed upon.

*(4) Instructions to Jury.*

If there is any evidence tending to support instructions to jury it is not error to give such instructions though the evidence be slight.

*(5) Trial. Evidence. Burden of Proof. Partnership.*

In an action on an express contract for wages where defendant defended on the ground of a partnership between the parties, charge that the burden of proof as to this particular issue rested upon defendant was correct.

*(6) New Trial. Exceptions. Misstatement of Testimony.*

The material misstatement of the testimony by the trial court in charging the jury is not ground for new trial unless the attention of the court is called to the error at the time so that he may have an opportunity to correct it.

*(7) Exceptions. General Exception.*

A general exception which does not point out the portion of the charge to which objection is made will not be considered.

ASSUMPSIT. Heard on exception of defendant and over-ruled.

. SWEENEY, J. This is an action of assumpsit to recover for plaintiff's services as a chef in a restaurant in Woonsocket. After trial in the Superior Court the jury returned a verdict for plaintiff. Defendant's motion for a new trial was denied by the trial justice. Defendant then brought the case to this court by his bill of exceptions.

Defendant urges his exceptions to the denial of his motion for a directed verdict and for a new trial. These exceptions will be considered together. This case arises out of a dispute as to the agreement under which plaintiff worked in the restaurant after defendant purchased it June 30, 1924. Plaintiff testified that he was working in the restaurant when defendant purchased it and continued to work there on defendant's promise to pay him $40 a week and provide him with board and lodging. Plaintiff's testimony was introduced through the medium of an interpreter and it is not very clear as to the terms of his agreement with defendant. A reasonable inference from his testimony is that after he worked one week defendant told him that he was going to keep his wages until they amounted to $1,000 and then plaintiff could have the option of taking all of his wages or one half of the business. The defense was that defendant purchased the restaurant for plaintiff at his request but took title in his own name as security for the money advanced to finance it; that plaintiff agreed to work in the restaurant and not get any money out of the business, except pocket money, until defendant was paid the money advanced, when defendant was to transfer title to the restaurant to plaintiff. Plaintiff denied that he requested defendant to buy the restaurant or that he agreed to work in it for nothing. Plaintiff worked 16 weeks in the restaurant after defendant purchased it. Plaintiff testified that he was discharged in October and that defendant had paid him only $10. Defendant testified that plaintiff left of his own accord and that he had received

$107. After plaintiff left the restaurant defendant operated it for ten months and then closed it and sold or stored the restaurant fixtures.

At the close of the testimony defendant moved for a directed verdict on the ground that all of the testimony showed that no money was to be paid to plaintiff unless profits were made, and that none were made. There was no error in the denial of this motion because, assuming plaintiff's testimony to be true, as we must on a motion of this kind, defendant was indebted to plaintiff at the time of his discharge. The conflicting testimony as to the agreement between the parties and the discharge of plaintiff required the submission of these issues to the jury. Testimony was introduced affecting the credibility of plaintiff and several of the witnesses. The jury had the advantage of seeing and hearing the parties and their witnesses. By their verdict they decided the questions of fact in favor of plaintiff. A similar verdict was returned at a former trial. The trial justice has approved the verdict. After a careful reading of the evidence we find no error in his decision denying the motion for a new trial. *Wilcox* v. *R. I. Co.*, 29 R. I. 292.

(1) Defendant sought to introduce testimony to prove that plaintiff was indebted to him on a contract which had terminated before he purchased the restaurant. This testimony was excluded and its exclusion is the reason for two exceptions. Defendant pleaded only the general issue. Set-off can not be shown under the general issue in assumpsit. 5 C. J. 1407. The remedy by way of set-off was unknown to the common law. It is statutory and must be taken advantage of in the manner provided by statute. §§ 4923-4925, G. L. 1923; *Battey* v. *Warner;* 28 R. I. 312. Defendant filed no statement of his demands against plaintiff with his plea. The testimony excluded related to an (2) independent matter not arising out of plaintiff's claim and was inadmissible under the pleadings. The exceptions are not sustained.

Defendant urges his exception to that portion of the charge in which the trial justice said that $40 a week was the sole guide as to the value of the services rendered by plaintiff. This was a correct statement of plaintiff's testimony of the amount defendant agreed to pay him. This (3) testimony was not contradicted by defendant. Plaintiff was suing on an express contract and was restricted in the amount of recovery by the wages agreed upon. *O'Connell v. King & Son*, 26 R. I. 544; *Dube v. Peck*, 22 R. I. 467. The exception is without merit.

In charging the jury, after briefly stating plaintiff's claim, the trial justice said the defendant claims there was a partnership between him and the plaintiff and if there was a partnership, the plaintiff cannot bring this action. Later in his charge he said as to this matter of partnership when the defendant comes in and sets up a partnership he must satisfy the jury by a clear preponderance of the evidence that there was a partnership. Defendant excepted to this latter part of the charge. He now contends that the part of the charge excepted to was erroneous because it raised an issue of partnership which was not presented by the testimony and put the burden of proof of this issue upon the defendant. The part of the charge excepted to related to plaintiff's right to maintain his action. This right was directly challenged by defendant's motion for a directed verdict. During the examination of plaintiff, defendant's attorney said our contention is that plaintiff never worked for defendant—that they bought the restaurant—the two of them went into this enterprise together. The testimony upon this issue was conflicting and it was necessary for the trial justice to submit it to the jury with instructions in the law applicable thereto. Several of the elements of a partnership appeared in the testimony. If there is any evidence (4) tending to support the instructions it is not error to give such instructions though the evidence be slight. In *McNear, Inc. v. A. & B. Mfg. Co.*, 44 R. I. 190, 198, we said: "If there was evidence in the case from which a jury

might possibly draw the inference that a conspiracy existed between the parties the justice under our practice would be obliged to submit the question to the jury, even though such inference would not be drawn by him, and although he might feel that a verdict finding a conspiracy would be against the preponderance of the evidence and should be set aside by him." When instructing the jury as to the burden of proof upon this issue of the right of the plaintiff to maintain his action the trial justice referred to the manner in which the business was carried on by the parties in the restaurant as a partnership. He instructed the jury that the burden of proof as to this particular issue, and this

(5) particular issue only, rested upon the defendant. This was a correct statement of the law for the general rule is that the burden of proving a partnership is upon him who alleges its existence. 30 Cyc. 402; 20 R. C. L. 849. The exception is overruled.

Defendant also contends that the trial justice made a material misstatement of the testimony in his charge when he said that the defendant admitted that the plaintiff did work for him. This contention can not be considered as no

(6) exception was taken to the mistake of the trial justice and he had no opportunity to correct his error. The material misstatement of the testimony by a trial justice in charging the jury is not a ground for a new trial unless his attention is called to the error at the time, so that, if a misstatement has been made, he may have an opportunity to correct it. *Agulino* v. *N. Y., N. H. & H. R. R. Co.*, 21 R. I. 263. A general exception which does not point out the portion of

(7) the charge to which objection is made will not be considered. *Coop* v. *Bishop Co. Inc.*, 48 R. I. 227.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*John R. Higgins*, for plaintiff.

*Fitzgerald & Higgins, George Hurley, Walter V. Moriarty*, for defendant.