THOMSON ET AL. *v.* CORN.

[No. 15,245.  Filed March 30, 1936.]

*James H. Meyer,* for appellants.

*John W. Brady, John S. Brady* and *Edgar Durre,* for appellee.

WOOD, J.—The appellee recovered judgment against the appellants for money had and received. From this judgment appellants appeal, assigning as error for reversal, the overruling of their motion for a new trial.

Because of the disposition which we make of this case it is not necessary that we set out the issues, or that we consider but three of the alleged causes for a new trial, namely: that the verdict of the jury was not sustained by sufficient evidence, that the verdict of the jury was contrary to law, and error in the exclusion of certain evidence.

From the record it appears that the appellee as plaintiff filed her complaint in the Vanderburgh Superior Court against the appellants as partners, designating them as defendants in the caption of the complaint in the following language, to-wit: "——— Thomson, whose Christian name is unknown, and ——— McKinnon, whose Christian name is unknown, doing business under the style and firm name of Thomson and McKinnon."

June 29, 1933, summons was issued by the clerk of said court for the defendants as above designated. June 30, 1933, the sheriff of Vanderburgh County made a return upon said summons in words and figures as fol-

lows, "Served the within named ———— Thomson, whose Christian name is unknown, and ———— McKinnon, whose Christian name is unknown, doing business under the style and firm name of Thomson and McKinnon, by reading this summons to and within the hearing of J. O. Lynch, manager, he being the highest official of the company to be found in my bailiwick and leaving with him a true copy of the same."

July 6, 1933, for the purpose of filing their separate and several motions to set aside and quash said summons, fourteen named and designated parties, by their attorney, entered their limited and special appearance in said cause.

September 13, 1933, by leave of court, said named and designated parties, by their attorney, withdrew their special and limited appearance, then the record shows the following entry. "And now enters his general appearance for defendants Thomson and McKinnon; and now said defendants file their answer in general denial to plaintiffs complaint."

The answer was in the following language:

"State of Indiana ⎱ SS:
County of Vanderburgh ⎰

In the Superior Court of Vanderburgh County.
September Term, 1933.

Olga L. Corn �️
  v.
———— Thomson, whose Christian name is unknown; and ———— McKinnon, whose Christian name is unknown; doing business under the style and firm name of Thomson and McKinnon.

Answer in General Denial.

The defendants for their first paragraph of answer to plaintiff's Complaint herein deny each and every allegation contained in said complaint."

Thereafter the venue of the cause was transferred to the Posey Circuit Court for trial and final disposition.

The cause was tried to a jury, which returned a verdict in the words and figures as follows, to-wit:

"STATE OF INDIANA, ⎱ Sct:
COUNTY OF POSEY ⎰

Posey Circuit Court.
November Term, 1933.

Olga L. Corn
    *vs.*
————Thomson, whose Christian name is unknown, and ———— McKinnon, whose Christian name is unknown, doing business under the style and firm name of Thomson & McKinnon.

We the jury find for the plaintiff and assess her damages in the sum of $1,081.25.

CHAS. F. KIMBALL,
Foreman."

Judgment from which this appeal is prosecuted was afterwards rendered against the appellants just as they were named and designated in the caption or title of the cause in the verdict, a copy of which is above set out.

In that portion of their brief devoted to argument counsel for appellee say: "The court will observe that appellee is not suing a Mr. Thomson, whom appellants contend died in 1926, nor a Mr. McKinnon, who retired in the year 1929 from the partnership of Thomson and McKinnon. Appellee is suing the defendants who were operating a partnership concern under the style and firm name of Thomson and McKinnon. Appellee is suing the firm of Thomson and McKinnon which entered a general appearance and filed an answer, not in abatement, but in general denial to the complaint."

As we interpret the facts contained in the record, they not only do not sustain appellee's contention, but they lead to a contrary conclusion. In her complaint, immediately following the caption which we have here-

tofore set out is this allegation: "The plaintiff complains of the defendants, and for cause of action says that the defendants herein, whose Christian names are unknown to the plaintiff, are now and have been for. many years prior hereto, and including the year 1931, partners engaged in the brokerage business, . . . and said defendants operated said partnership under the style and firm name of Thomson and McKinnon." No person or persons other than ———— Thomson and ———— McKinnon are named or designated as partners or members of the firm of Thomson and McKinnon, and as parties defendant to said cause of action. The summons which was served upon "J. O. Lynch, manager" and the return made thereto by the sheriff names and designates no other or different person or persons as parties defendant to the cause of action than those named and designated in the caption thereof. The same facts are exhibited in the answer of general denial, a copy of which is heretofore set out, filed by the named appellants, also in the verdict of the jury and the judgment rendered thereon, in fact throughout the entire proceedings.

Partners at common law, and generally today, in the absence of statutory enactment changing the common law rule, cannot be sued in the firm name alone, and at common law there was no means of suing or obtaining judgment against a partnership as such, and it was necessary that the members of the partnership be individually served with process. *Livingston* v. *Harvey* (1858), 10 Ind. 218; *Adams Express Co.* v. *Hill* (1873), 43 Ind. 157; *Pollock* v. *Dunning* (1876), 54 Ind. 115; *Karges* v. *Amalgamated, etc., Co.* (1905), 165 Ind. 421, 75 N. E. 877; 1 Modern Law of Partnership, sec. 806, p. 1110; 20 R. C. L. sec. 155 and 156, p. 936; 47 C. J. sec. 457, p. 947, sec. 471, p. 953, sec. 478, p. 962; 29 L. R. A. (N. S.) 282, note.

As avoiding this rule of the common law the appellee calls our attention to sec 2-703, Burns 1933, sec. 77, Baldwin's Ind. St. 1934, which reads as follows: "When a corporation, company or individual has an office or agency in any county for the transaction of business, any action growing out of, or connected with, the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county and served upon the principal."

While this section of the statute may modify the method of obtaining service of summons upon a partnership or the members thereof, it does not do away with the necessity of making each partner a defendant in an action against a partnership by naming and designating him as a defendant in the proceedings. This must be so, otherwise the court would have no way of determining who the persons were constituting the alleged partnership, under the firm name and style of which the business was transacted, and upon whom the service of summons was had under the provisions of said statute and against whom judgment could be rendered. The sheriff's return to the summons in the instant case does not show that it was served upon any persons other than "——— Thomson, whose Christian name is unknown, and ——— McKinnon, whose Christian name is unknown, doing business under the style and firm name of Thomson and McKinnon," etc., thus the service of summons was expressly limited to certain designated persons as partners constituting the firm of Thomson and McKinnon.

But the appellee says since Thomson and McKinnon entered a general appearance and filed an answer in

12

general denial, this was a waiver of the issuing and service of summons on any other persons who might be partners in said firm. The record does not sustain this position for, as appears from the record heretofore quoted, the appearance is limited to the defendants named and designated in the caption of the answer in general denial, so the only persons before the court against whom judgment could be rendered, must have been Thomson and McKinnon.

The question still remains whether or not the facts as they come to us in the record furnished a sufficient foundation upon which to base a judgment against Thomson and McKinnon. At common law the party alleging the existence of a partnership had the burden of proving such relationship in order to recover judgment against the individual members of the firm. *Uhl* v. *Bingaman* (1881), 78 Ind. 365; *Brandt* v. *Hall* (1907), 40 Ind. App. 651, 82 N. E. 929; *Fishel* v. *Pinckard* (1923), 80 Ind. App. 544, 141 N. E. 615; 20 R. C. L. sec. 52, p. 847. In the case of *McClaren* v. *Dawes, etc., Co.* (1927), 86 Ind. App. 196, 156 N. E. 584, which was an action against several defendants designated as partners, for recovery of the purchase price of merchandise, to which complaint said defendants filed an answer in general denial, this court held that under the issues of that case, the plaintiff was not required to prove that the named and designated defendants were partners, citing in support of this statement what is now Sec. 2-1034, Burns 1933, which provides that: ". . . The character or capacity in which a party sues or is sued, and the authority by virtue of which he sues, shall require no proof on the trial of the cause unless such character, capacity or authority be denied by a pleading under oath, or by an affidavit filed therewith. . . ." While the construction and application placed upon this language of the statute in the McClaren case

may relieve the party suing designated persons as partners from the necessity of proving the existence of such relationship unless denied under oath, it does not relieve the party asserting the relationship from the burden of proving the merits of his claim against the partnership as alleged.

The evidence is undisputed that the transactions upon which the right of action is predicated in the instant case were had between appellee and a partnership doing business under the firm name and style of Thomson and McKinnon on August 2 and 4, 1930. The evidence is without conflict that Roderick W. McKinnon, who was the McKinnon in the firm of Thomson and McKinnon, withdrew from the partnership on May 31, 1929, and that he was not thereafter a member of the firm of which facts the appellee had full knowledge at the time of said transactions.

In their motion for a new trial appellants complain of the action of the trial court in refusing to permit a witness called in their behalf to give testimony to the effect that Thomson, a partner of the firm of Thomson and McKinnon, died on March 23, 1926. The record discloses that no person representing Thomson's individual estate or any interest which he may have had in the partnership of which he was a member at the time of his death, in any capacity, was made a party defendant to appellee's action, so, if Thomson was dead the failure to deny the capacity in which suit was brought against him waived nothing. It is a general rule that the death of a partner dissolves the partnership. *Cobble* v. *Tomlinson* (1875), 50 Ind. 550; *Schmidt* v. *Archer* (1888), 113 Ind. 365, 14 N. E. 543; *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; *Hornaday* v. *Cowgill* (1913), 54 Ind. App. 631, 101 N. E. 1030, and it was error to exclude this testimony.

The only persons in the entire case named and desig-

nated by the appellee as the parties defendant to her cause of action and as members of the alleged partnership of Thomson and McKinnon were ——— Thomson, whose Christian name is unknown, and ——— McKinnon, whose Christian name is unknown. The verdict of the jury against these defendants was not sustained by sufficient evidence, and was contrary to law.

Appellants complain of the refusal to give to the jury certain instructions tendered by them. The conclusion which we have reached makes it unnecessary to consider these instructions. If there was any error in the court's ruling, it will in all probability not recur upon another trial of this cause.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

Kime, J., not participating.