## Rodgers v. Roland et al.

March 25, 1949.

A. M. Caddell for appellant.

O. M. Rogers and Earl Rodney King for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 16, 1946, plaintiff, appellant here, filed this action in the Kenton circuit court against Roland Cab Company, a local partnership engaged in the taxicab business in the city of Covington, the members of which she alleged were Edna Roland and Harold Roland.

For cause of action she alleged that on June 21, 1946, she phoned the taxicab company to send a cab to her home for a trip to some other place within the city, and that in due time a cab did arrive in front of her residence and stopped against the curb where she was standing awaiting it. She stated that it was headed south and she opened the back door on the left side and got into the cab with the intention of taking her seat on its right side; that she neglected to shut the door, which *she* had opened before she became seated and then reached her hand out to take hold of the handle and shut it; that the city had installed some eight or ten feet south of the place where she entered the cab an iron post cemented in the outer edge of the sidewalk, upon the top of which was a placard saying, "No Parking"; that before she succeeded in closing the door her hand came in contact with that post resulting in the injuries and damages for which she sought judgment against defendants in the sum of $2,000 for her personal injury, plus $96 for physician and X-ray bills.

The first paragraph of defendants' answer (each filing a separate one) is: "Comes the defendant and denies specifically each and every allegation in the peti-

tion of the plaintiff herein.'' A second paragraph pleaded contributory negligence on the part of. plaintiff. At the trial the only testimony introduced or heard as to how the injury occurred so as to establish negligence on the part of the defendants as charged in her petition was that given by her. No other witness concerning such facts testified in the case. Plaintiff, however, did introduce her physician who made an X-ray of her hand, which disclosed no broken bones, but only some bruises thereon. She was in her physician's office for only a sufficient time for him to make the examination of her hand and take the X-ray picture. She then went to the hospital where another X-ray was made with the same result. Her physician testified only to the facts stated and to the pain and suffering which she might endure.

At the close of the evidence the court sustained defendants' motion for a peremptory instruction in their favor, which was accordingly done and plaintiff's petition dismissed, from which she prosecutes this appeal.

The evidence for plaintiff in this case is not in condition so as to require us to either discuss or determine the issue of negligence of defendants or contributory negligence by plaintiff. The first paragraph of defendants' answer put in issue every fact necessary to sustain a judgment for plaintiff against either defendant, since the general denial made in the first paragraph of their answers was a denial that there was any such taxicab company operating in Covington as the Roland Cab Company, or if there were such a partnership so engaged that defendants were members thereof so as to be responsible for the negligent operation of the taxicab that plaintiff entered. We shall, therefore, not determine either the question of negligence of defendants, or that of contributory negligence on the part of plaintiff, but confine the opinion entirely to the failure of plaintiff to prove that defendants were in anyway engaged in the taxicab business, either as members of the named partnership or otherwise.

In 1942 subsection (7) of section 113 of our Civil Code of Practice was amended so as to read in part:

''It shall be a sufficient traverse to state that all the affirmative allegations of the adverse pleading are spe-

cifically denied, except those specifically admitted in the pleading containing the traverse.''

Prior to that time the Code section required a specific denial of each and every material allegation made in the pleading of the adversary of the pleader, but the amendment referred to dispensed therewith. So that the question presented for our determination is, whether or not plaintiff's proof as given, only by herself, was sufficient to prove the issues so made, as to whether defendants were members of the partnership, or whether or not there was any such taxicab company operating in the city of Covington. The text in 40 A.J. 189, sec. 86, says:

''In accord with the general principle that the burden of proof to establish the affirmative of an issue involved in an action rests upon the party alleging the facts constituting that issue, and remains there until the end, the burden of proving the existence of a partnership is ordinarily on him who alleges and relies on the fact of its existence.''

In substantiation of that statement in note (8) to that text, cases from many states of the Union are cited, as well as in the annotations in 137 A.L.R. 14. At the expense of some space, and because many members of the profession may not have access to that publication, we insert the cases contained in that note: Mach v. Mayo, 80 Fla. 372, 86 So. 222, citing R. C. L.; Cowart v. Fender, 137 Ga. 586, 73 S.E. 822, Ann.Cas.1913A, 932; Thompson v. Corn, 102 Ind.App. 6, 200 N.E. 737, citing R. C. L.; Florence v. Fox, 193 Iowa 1174, 188 N.W. 966, citing R. C. L.; Curtis v. Hanna, 143 Kan. 186, 53 P.2d 795, citing R.C.L.; Mapel v. Long-Bell Lumber Co., 103 Okla. 249, 229 P. 793, citing R. C. L.; Dunham v. Loverock, 158 Pa. 197, 27 A. 990, 38 Am.St.Rep. 838; In re Gibbs' Estate, 157 Pa. 59, 27 A. 383, 22 L.R.A. 276; Hallstead v. Coleman (Hallstead v. Curtis), 143 Pa. 352, 22 A. 977, 13 L.R.A. 370; Arava v. Bebe, 48 R.I. 478, 139 A. 302, citing R. C. L.; Hobbs v. Virginia Nat. Bank. 147 Va. 802, 128 S.E. 46, 133 S.E. 595, citing R. C. L.

In note (7) to that text the reader is cited to Vol. 20 of the same publication, section 135, under the heading of ''Evidence,'' wherein the text says:

"The fundamental principle is that the burden of proof in any cause rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue and remains there until the termination of the action. It lies upon the person who will be defeated as to either a particular issue or the entire case if no evidence relating thereto is given on either side. In other words, one alleging a fact which is denied has the burden of establishing it."

Other authorities are cited in note (16) to that text in support thereof, among which is First National Bank of Morrill v. Ford, 30 Wyo. 110, 216 P. 691, 31 A.L.R. 1441.

A Kentucky case dealing with the question as to the sufficiency of the evidence to authorize a submission of the issue of whether or not an alleged member of a partnership was in fact true, so as to render him liable to plaintiff for the cause of action complained of is Nicola Bros. Co. v. Hurst, 99 S.W. 917, 30 Ky.Law Rep. 851. In that case the only proof offered by plaintiff was general reputation that defendant was a partner of the alleged firm. We held that such proof was inadmissible and, therefore, insufficient to authorize a judgment against the defendant as an alleged member of the named partnership. The same principle was also involved, and so determined, in accordance with the foregoing text in the case of McCullom v. Archer, 7 Ky.Op. 731, the opinion of the court being rendered by Judge Lindsay.

But counsel for appellant in his brief filed in this court moderately argues that the court would be authorized to presume, or surmise, that the defendants in this case were the partners of the alleged partnership taxicab company because they have the same name (Roland) as constitutes a part of the partnership name.

There are two effective answers to that contention, (1) that we know of no law, and have been cited to none, authorizing the indulgence of such a presumption, since there might be many citizens by the name of Roland and who might be engaged in the same business in the same locality, and (2) that the denial of defendants put in issue that there was any such firm doing business in

the city of Covington. The law requiring that before a defendant shall be mulcted with a judgment against him requires something more than a surmise or a probability of his liability to the plaintiff as sought by the latter. If there had been printed on the taxicab into which appellant entered, a partnership name, that fact might be sufficient to hold the firm liable to respond to plaintiff in damages, provided its negligence was the proximate cause of her injuries. But, even then the plaintiff, upon whom was the burden to show that the individual defendants were members of that firm, having failed to do so, it necessarily follows that the court correctly directed a verdict for defendants.

Wherefore, the judgment is affirmed.