*J. S. Newman*, for the plaintiff.

*C. H. Test*, for the defendant.

---

ENSMINGER and Another *v.* MARVIN.

Debt against *A.* and *B.* on a promissory note, alleged in the declaration to have been made by the defendants. *A.* made default, and *B.* pleaded *nil debet* under oath. *Held*, that, on the trial of the issue with *B.*, the plaintiff might prove the partnership of the defendants at the date of the note, and *A.'s* subsequent admissions respecting the execution of the note.

A promissory note executed by one partner in the name of the firm, is *prima facie* evidence that it was given for partnership purposes.

If instructions to the jury be refused, and the record do not show that there was evidence to which they were applicable, the refusal will be presumed to be correct.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—The declaration in this case alleges that *John Ensminger* and *Henry Ensminger*, by the names and descrip-

tion of *J. & H. Ensminger*, made their promissory notes, &c.
*John Ensminger* made default. *Henry Ensminger* pleaded
*nil debet* under oath, thereby putting the execution of the
notes by him in issue. Verdict for the plaintiff; and final
judgment against both defendants.

On the trial of the issue with *Henry Ensminger*, the plain-
tiff offered proof, that at the time of the date of the notes,
the defendants were in co-partnership, and that *John Ensmin-
ger* afterwards made admissions respecting the execution of
the notes. The evidence was objected to, but admitted.

It is urged that this evidence was illegal, because the
declaration contained no averment that the defendants were
partners. We do not think such an averment was necessary
to render the testimony admissible. The allegation is that
the defendants made the notes. Proof that they were exe-
cuted by procuration would have been competent, without
averring the agency. Each partner has authority to bind
the firm, but the existence of the partnership need no more
be averred in a declaration to let in proof of the execution
of a written instrument under that authority, than procura-
tion in any other form need be alleged to render proof of
execution by an agent admissible.

The defendant, *Henry Ensminger*, moved the Court to
instruct the jury, that if they believed from the evidence he
did not execute the notes with his own hand, though the
defendants were partners at the time those instruments were
executed, the plaintiff could not sustain his action unless he
had proved, by extrinsic testimony, that the notes were
given for partnership purposes, or what was their consider-
ation. The Court refused so to instruct, but charged the
jury that the notes themselves, executed by one partner in
the name of the firm, were *prima facie* evidence that they
had been given for partnership purposes. There was no
error in this.

*Henry Ensminger* also moved the Court to instruct the
jury, that one partner was not at liberty to change the name
of the firm, or to use any other than the partnership appella-
tion, without the consent of his co-partners. This instruc-
tion was refused, and for aught we know correctly refused.

Nov. Term, 1839.

There is no evidence set forth in the record, that shows it would have been pertinent to the merits of the cause.

Other instructions were refused, but as they involve only the same principle which has been decided on the question as to the admissibility of the evidence, further notice of them is unnecessary.

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* damages and costs.

*J. Pettit*, for the plaintiffs.

*A. S. White* and *R. A. Lockwood*, for the defendant.