(No. 12639.—Judgment affirmed.)

FREDERICK HEINZE *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANTONIA KRINGS, Defendant in Error.)

*Opinion filed June 18, 1919.*

1. WORKMEN'S COMPENSATION—*when injury arises out of employment.* If an employee is injured while in the performance of any of his duties the injury arises out of his employment.

2. SAME—*claim for compensation may be made orally by attorney.* The claim for compensation required by the Workmen's Compensation act to be made within six months after the accident may be made orally by the attorney for the claimant.

3. SAME—*claim against partners and award against the firm will bind individual partners.* A claim for compensation may be filed against certain named persons described as partners and an award be made against them by the same description, and the judgment of the circuit court confirming the award will bind the partners individually.

4. PARTNERSHIP—*a partnership is not a legal entity.* A partnership is not a legal entity separate and distinct from the persons composing it, and although the same parties are engaged in two different lines of business under different partnership names but conducted from the same office, there is, in law, but one firm.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

EDWARD L. ENGLAND, (SAMUEL J. NORDORF, of counsel,) for plaintiffs in error.

SHAEFFER & FOSTER, (GEORGE H. FOSTER, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Antonia Krings filed an application on November 23, 1916, for an award under the Workmen's Compensation act on account of the death of her husband, Fred Krings, resulting from injuries alleged to have been received by him arising out of and in the course of his employment on June 7, 1916. Frederick G. Heinze and Ernest Weinsheimer, co-partners doing business as F. Heinze & Co., were named as defendants in the application. At the hearing before the arbitrator January 18, 1917, upon leave granted, the application was amended by adding as parties defendant Frederick Heinze and Ernest Weinsheimer, doing business as the Weinsheimer Teaming Company. The arbitrator dismissed as to Frederick Heinze and Ernest Weinsheimer, doing business as F. Heinze & Co., and entered an award against them as co-partners doing business as the Weinsheimer Teaming Company. The Industrial Commission confirmed the findings and award of the arbitrator, and plaintiffs in error sued out a writ of *certiorari* and took the record to the circuit court of Cook county. The award of the commission was affirmed, and the trial judge certified that the cause, in his opinion, is one proper to be reviewed by this court.

The deceased on the day of his injury was in the employ of plaintiffs in error, Frederick G. Heinze and Ernest Weinsheimer, as a teamster. Plaintiffs in error were en-

gaged in business as commission merchants and also had
teams and wagons with which they did hauling for them-
selves and also for others. They operated as commission
merchants under the firm name of F. Heinze & Co. They
did their hauling for others under the firm name of Weins-
heimer Teaming Company, kept the hauling account sepa-
rate from the commission account, and paid all bills of the
teaming department with checks drawn on the account of
the Weinsheimer Teaming Company, except when there
was no one present to sign checks, when payments would
be made from the money drawer. Both lines of business
were conducted from the same office, the same book-keeper
kept the accounts for both, and the reason the two lines
were carried on under different names was to obtain haul-
ing from other commission merchants who on account of
business jealousy would not give them the hauling if they
knew F. Heinze & Co. were doing the teaming. The check to
pay for the liability insurance covering teamsters and their
helpers was drawn against the account of the Weinsheimer
Teaming Company and signed F. Heinze. The teams were
owned and the business carried on by plaintiffs in error and
no one else was connected with them. It was the duty of
the deceased, as a teamster for plaintiffs in error, to go to
firms on South Water street, Chicago, and pick up business
from customers. The injury from which his death resulted
was caused by a fall in the doorway of G. W. Randall &
Co., commission merchants, who were customers of plain-
tiffs in error's teaming department, on West South Water
street. It was about noon when the deceased fell, having
slipped on a runway at the door, having about a foot and
a half incline to six feet in length. His knee-cap was frac-
tured. He was taken to a hospital and medical aid was
rendered by a physician of his own selection and later by
another chosen by his wife. An infection of the knee made
an operation necessary. General septicemia developed and
the deceased died on July 12, 1916. Some time in Octo-

ber, 1916, Mrs. Krings and her attorney, George H. Foster, went to the business quarters of the plaintiffs in error, and the attorney told Heinze that they were making their claim against Frederick Heinze and Ernest Weinsheimer, doing business as F. Heinze & Co. and as Weinsheimer Teaming Company, or in whatever name they were doing business.

Plaintiffs in error's first contention is that the injury to and death of the deceased did not arise out of and in the course of his employment. This contention is without merit. It clearly appears that a part of the business of the deceased was to go to customers of his employers and pick up business; that Randall & Co. were such customers; that he was compelled to go through Randall & Co.'s building to reach Spahns, another customer of plaintiffs in error. The wagon and team that he was using had been left in the alley, and the reasonable inference to be drawn from the facts proven is in complete accord with Weinsheimer's testimony, "I suppose he went back there to see if he could get a load." The record in other striking particulars overthrows the contention made by the plaintiffs in error. J. A. Bloomingston, the attorney representing the General Accident and Liability Insurance Company, stipulated on the hearing before the arbitrator that the injury arose out of and in the course of the employment, and E. C. Ferguson, since deceased, who was then representing plaintiffs in error, agreed to that stipulation and thereby bound plaintiffs in error. Weinsheimer also testified that deceased was in the course of his duties when he was hurt. The rule has been announced and frequently applied that if the employee is injured while in the performance of any of his duties such injury arises out of his employment. (*Mueller Construction Co. v. Industrial Board,* 283 Ill. 148.) The evidence fairly tends to show that the injury arose out of the employment, and the stipulations of their counsel and the admission of Weinsheimer estop plaintiffs in error from now contending otherwise.

It is next insisted that no claim for compensation was made in apt time. This contention is based upon the fact that the application against plaintiffs in error as the Weinsheimer Teaming Company was not made until January 18, 1917, more than six months after the injury and the date of the last payment of compensation, and that no claim had been made against them, as such teaming company, prior to that time. This contention is not supported by the record, but, on the contrary, is overcome by the positive testimony of attorney Foster, to the effect that he told Heinze that they were claiming against them as F. Heinze & Co., the Weinsheimer Teaming Company, or in whatever name they were doing business. The claim for compensation may be made orally, as in this case. (*Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630; *Moustgaard* v. *Industrial Com.* 287 id. 156.) The claim for compensation was against F. Heinze and Ernest Weinsheimer. A partnership is not a legal entity separate and distinct from the persons composing it; (*Abbott* v. *Anderson,* 265 Ill. 285;) and it makes no difference that the same parties are engaged in two different lines of business under different partnership names,—there is in law but one partnership. (*Campbell* v. *Colorado Coal and Iron Co.* 9 Colo. 60.) The claim filed against the partners, therefore, was a valid claim, and the words describing the character of business done by them are merely words *descriptio personæ* and surplusage. For the same reason the contention that the award of the commission and the judgment of the court are erroneous because not against Frederick G. Heinze and Ernest Weinsheimer individually cannot be sustained. The legal effect of the award and the judgment is to bind plaintiffs in error as individuals, and the addition of words *descriptio personæ* cannot be held to render an award and judgment erroneous.

For the reasons above stated the judgment of the circuit court is affirmed.

*Judgment affirmed.*