LEWIS ET AL. *v.* JOSEPH HARTLEY AND SONS COMPANY

[No. 17,756.  Filed January 18, 1949.  Rehearing denied
May 24, 1949.  Transfer denied November 14, 1949.]

*Draper & Eichhorn,* of Gary; and *David Axelrod,* of Chicago, Illinois, for appellants.

*Allen P. Twyman,* of East Chicago, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought by the appellee, Joseph Hartley and Sons Company, a corporation, against A. A. Lewis and Eugene H. Lewis, partners, doing business as A. A. Lewis and Company; and against A. A. Lewis and Company, a corporation; to recover for the breach of an alleged contract for the paving of certain streets in a subdivision in Lake County, Indiana, and to recover for the

leasing of a certain tractor. The suit also sought to establish and foreclose an equitable lien upon certain of the lots in said sub-division. However, by reason of the nature of the judgment rendered, any question of an equitable lien is unimportant to this appeal.

The court below found for the appellee and against A. A. Lewis, whose true Christian name is unknown, and Eugene H. Lewis, in the sum of $6,256.50, and rendered judgment accordingly. The absence of any finding or judgment against A. A. Lewis and Company, a corporation, operated as a finding and judgment in favor of said corporation.

Error assigned for reversal is the overruling of appellants' motion for a new trial which was based upon the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellants, in support of their assignment of error, contend that there is no evidence of the existence of a partnership, and consequently, no partnership liability shown. The appellants claim that notwithstanding the fact that there was no allegation in the complaint that appellants were partners, that they were so described as such in the caption and that the complaint was brought against appellants on the theory that they were partners. The appellants, therefore, contend that a judgment could be rendered against A. A. Lewis and Eugene H. Lewis under the issues only if the evidence had disclosed that a partnership made up of these men was liable on the contract sued upon; that only if the evidence showed the existence of a partnership could the court have rendered a judgment against Lewis and Lewis as individuals; and that no judgment could be rendered against them as individuals in this case without proof they were liable as partners.

We must determine in this appeal whether the court was authorized under the issues to render judgment against A. A. Lewis and Eugene H. Lewis as individuals. While the caption of the complaint described the defendants, appellants herein, as partners, there was no allegation in the complaint that the defendants were doing business as partners. The complaint sets forth a joint undertaking by the defendants in which they entered into an agreement under a trade name with plaintiff for the furnishing of the labor and materials for the construction of certain roadways. The designation of the defendants in the captions of the various pleadings as partners, doing business as A. A. Lewis and Company was merely *descriptio personae*.

No allegation of partnership is necessary when an action is brought upon a claim which is enforceable against joint contractors, although the defendants may be partners. *Ensminger and Another* v. *Marvin* (1839), 5 Blackf. 210; *Danaher* v. *Hitchcock* (1876), 34 Mich. 516; *Clark* v. *Wick* (1894), 25 Ore. 446, 36 Pac. 165.

There is evidence in the record from which the court was justified in determining that a joint liability existed in both defendants to pay for the services rendered by the plaintiff to them. John Hartley, an officer of plaintiff corporation, testified that he talked with both A. A. Lewis and Eugene Lewis; that he did 95% of the business with A. A. Lewis; that Eugene Lewis was present during some of the transactions when the contract and the performance thereof was discussed.

Plaintiff's Exhibit No. 1, after reciting the offer of plaintiff to do the work in question and the price therefor contained the following:

"This letter will form our contract.

> Yours very truly,
> Hartley & Sons Company
> by John Hartley

Accepted A. A. Lewis & Company
> by Eugene H. Lewis"

The evidence is sufficient to support reasonable inferences that both A. A. Lewis and Eugene Lewis induced the appellee to execute the contract and perform thereunder.

The court could have properly found from the evidence that the defendants jointly contracted to pay appellee for the services rendered. The fact that some of the ▮ evidence might indicate that such parties were doing business as partners would not thereby avoid the individual liability on this joint undertaking as shown by the evidence. And, if as it is claimed, the evidence failed to show that a partnership existed, there is ample evidence in the record showing that these two individuals acting individually and in concert, induced the appellee to enter into a contract with them under a trade name and secured valuable services and benefits from such contract for which appellee has not been paid. If the defendants were acting with authority on behalf of a partnership, they would still have been liable as members thereof. If either of the defendants or both acted for a partnership, but without authority, they would still be individually liable. 40 Am. Jur., Partnership, § 157, p. 241.

The fact that the evidence failed to justify a finding by the trial court that a partnership existed between the defendants could in no way have harmed them. ▮ the decision and judgment of the court is not against them as such. *McClaren* v. *Dawes Elec-*

*tric Sign, etc., Co.* (1927), 86 Ind. App. 196, 156 N. E. 584.

There is no statute in Indiana authorizing actions on partnership obligations against a partnership as a separate legal entity, and an action to enforce partnership liabilities must be brought against the individual partners.

The common law does not recognize a partnership as a legal entity distinct from and independent of the persons composing it.

40 Am. Jur., Partnership, § 430, p. 429; *State* v. *Krasher* (1907), 170 Ind. 43, 83 N. E. 498; *Popovich* v. *Yugoslav Natl. Home Society, Inc.* (1939), 106 Ind. App. 195, 18 N. E. 2d 948; *Abbott* v. *Anderson* (1914), 265 Ill. 285, 106 N. E. 782; *Heinze* v. *Industrial Commission* (1919), 288 Ill. 342, 123 N. E. 598.

It was not necessary for the court in the instant case to determine that a partnership existed in order to have properly rendered judgment against the appellants as individuals. The evidence and reasonable inferences therefrom disclose that both defendants participated in the negotiation and execution of the agreement and accepted the benefits of the performance thereof.

Both individuals were named as defendants, and they were both personally served with process, and consequently, this case is clearly distinguishable from the case of *Thomson* v. *Corn* (1936), 102 Ind. App. 6, 200 N. E. 737, relied upon by appellant.

The fact that in the summons such individuals were described as partners doing business as A. A. Lewis and Company, and that the caption of the complaint described them as such, could not have caused such parties to believe that under no circumstances could they be held individually liable as claimed by Appellants. They were bound to know that

the court would have the power to have rendered judgment against them as individuals.

The court did not err in overruling appellants' motion for a new trial. Judgment affirmed.

Draper, J., not participating.

NOTE.—Reported in 83 N. E. 2d 438.