**STATE of Indiana et al., Appellants-Defendants,**

v.

**Roy HALL, Appellee-Plaintiff.**

**No. 3–679A169.**

Court of Appeals of Indiana, Fourth District.

Jan. 20, 1981.

---

7. As set forth in the statement of the facts, Federated's policy premium cost is $2,684 while Indiana's is $2,644.

Theodore L. Sendak, Atty. Gen., Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, for appellants-defendants.

Saul I. Ruman, Hammond, for appellee-plaintiff.

## ON PETITION FOR REHEARING

CHIPMAN, Judge.

The State has petitioned this court on rehearing to reconsider our decision in this case, located at 411 N.E.2d 366, alleging we incorrectly found the jury could have found against the State under the doctrine of *respondeat superior* where there was no finding against a state employee.

We disagree.

Its contention is since a jury verdict was not returned against the co-defendant, state employee, Officer Bonwell, the jury must have found in favor of Bonwell, and if the jury found in favor of Bonwell, it could not have found against the State by *respondeat superior.*

The State cites *Lewis v. Joseph Hartley & Sons Co.,* (1949) 119 Ind.App. 468, 83 N.E.2d 438 for the proposition that "[w]here there are multiple defendants and the judgment is silent as to one of them it is treated as a judgment in favor of that defendant." While we agree with the rule of law cited by the State, we disagree that it applies to this case. The *Lewis* case was tried to a court. This case was tried to a jury. In the former case the trial court judge's decision is not limited by the verdict forms supplied to her, nor to the instructions read to her. In the latter case the jury is so limited.

According to the record, unspecified verdict forms were submitted to the jury. The only verdict returned by the jury was against the State. The jury did not return a verdict either for or against Bonwell. Based on the record before us, we have no way of knowing if the jury was even furnished verdict forms pertaining to the individual liability of Bonwell.

Lastly, the jury was instructed, "An employer is liable for malicious prosecution committed by his employee upon a third person when the act is done by an authority of the employer, either express or implied, or when the act is done by the employee within the scope of his employment."

This was the only liability instruction read by the court. The State did not submit an instruction to the jury that it must first find against Bonwell before it can find the State liable for damages. In the absence of a timely objection to the instructions read to the jury, those instructions become the law of the case. *DDR Computer Service Bureau, Inc. v. Davis,* (1980) Ind.App., 411 N.E.2d 722. Likewise, when no objection is made to the verdict forms supplied to the jury, or to the verdict rendered by the jury, any error as to the form of the verdict is waived. *American Optical Co. v. Weidenhamer,* (1980) Ind.App., 404 N.E.2d 606.

If this case had been a bench trial, and the court in its findings of fact and conclusions of law found against only the State and failed to also find against Bon-

well, under the facts in this case, we would agree with the State that the judgment could not stand. But in light of the instructions given the jury and the verdict returned, we can not say this jury found in favor of Bonwell, inconsistent with a finding against the State based on *respondeat superior.*

Motion for rehearing denied.

YOUNG, P.J., and MILLER, J., concur.