Elie NELSON, Jr., Appellant
(Plaintiff Below),

v.

Charles METCALF and Evelyn Conners,
Appellees (Defendants Below).

No. 3–1081A262.

Court of Appeals of Indiana,
Third District.

May 17, 1982.

Harry A. Psimos, Hawk P. C. Kautz, Merrillville, for appellant.

Robert D. Hawk, (Robin D. Pierce, Merrillville, of counsel), Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for appellees.

HOFFMAN, Presiding Judge.

On November 20, 1977, a collision occurred between the motorcycle owned and driven by Elie Nelson, Jr., and an automobile driven by Charles Metcalf. Evelyn Conners owned the automobile and had loaned it to Metcalf knowing that he was under 18 years of age, had a learner's permit, and would be unaccompanied by a licensed relative. The collision occurred at the intersection of Ninth Avenue and Stevenson Street in Gary, Indiana at approximately 5:30 P.M. As Metcalf made a left turn from Ninth Avenue onto Stevenson Street, Nelson came from the opposite direction on Ninth Avenue and entered into the intersection in which Metcalf was turning across Nelson's lane. As a result of the accident, Nelson incurred substantial injuries and filed a cause of action for personal

injury damages which he alleged resulted from negligence on the part of the defendants. The case was tried before a jury who found in favor of the defendants and against Nelson. Nelson's appeal, which arises from a negative verdict and judgment entered in Porter Superior Court, raises the following issues:

    (1) whether the trial court erred in giving an instruction regarding the wearing of protective headgear; and

    (2) whether the trial court erred in giving an instruction regarding contributory negligence.

The trial court adopted defendants' Instruction No. 7 as its own Instruction No. 21 and instructed the jury as follows:

> "You are instructed that on the date of the accident in question there was in full force and effect a statue [sic] in Indiana which read in pertinent part as follows:
>
>   9-4-1-57 SPEED; DUE CARE: MAXIMUM LIMITS
>
> (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care.
>
>   9-4-1-82 TURNING LEFT AT INTERSECTION
>
> The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act (9-4-1-1—9-4-1-137), may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield right-of-way to the vehicle making the

left turn (Acts 1939, ch. 48 § 78, p. 289).

>   9-8-6-3 LIGHTS; TIME FOR DISPLAY
>
> Every vehicle upon a highway within this state between the time from sunset to sunrise and at any other time when, due to insufficient light or unfavorable atmospheric conditions, persons and vehicles on the highway are not clearly discernible at a distance of 500 feet ahead shall display lighted head lamps.
>
>   9-8-9-2 MOTORCYCLES–PASSENGERS–HEADLAMPS—Use of traffic lanes—Other laws applicable.
>
> In addition to all other laws and regulations applicable to the driving and operation of motorcycles on the public streets and highways, the following shall also apply: (e) Headlamps shall be illuminated at all times when a motorcycle is in operation.
>
>   9-8-9-3 PROTECTIVE HEADGEAR; GLASSES; GOGGLES OR FACE SHIELDS
>
> Sec. 3. At all times when a motorcycle is being driven or operated on the public streets or highways of this state, the driver and passenger shall:
>
>   (a) Wear protective headgear meeting the minimum standards set by the commissioner of motor vehicles.
>
>   (b) Shall have protective glasses, goggles or transparent face shields in their possession. (Formerly: Acts 1967, c. 213, s. 3).
>
> "If you find from a fair preponderance of the evidence that either party hereto violated this statue [sic] without excuse of violation than [sic] that violation constitutes negligence."

*Record* at 160–161.

Nelson objected to Instruction No. 21: "As to the Court's Instruction No. 21, the Plaintiff objects to the giving of said instruction that it is combining all of the statutes and putting an undue burden upon Plaintiff's case by confusing the jury as to the violation of any of the statutes by either party, which is not a correct statement of the law.

"The Plaintiff has tendered separate instructions for violations of the law for which the Court has refused. Further, the Plaintiff objects to the giving of the Instruction No. 21 as to Indiana Code 9–8–9–3, protective headgear, glasses, goggles or face shield on the grounds that there was no evidence that the failure to have protective headgear was a proximate cause of the negligence of the Plaintiff and that it was prejudicial to give the above and foregoing instruction."

*Record* at 1281.

After the jury had retired to deliberate, but before returning its verdict, Nelson discovered that IC 1971, 9–8–9–3 was not in effect at the time of the accident. He renewed his objection to Instruction No. 21 and moved that the trial court re-instruct the jury, which the trial court refused to do.

Indiana Rules of Procedure, Trial Rule 51(C) provides:

"(C) Objections and requested instructions before submission. At the close of the evidence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury. The court shall note all instructions given, refused or tendered, and all written objections submitted thereto, shall be filed in open court and become a part of the record. Objections made orally shall be taken by the reporter and thereby shall become a part of the record." (Emphasis added.)

The record reveals that prior to submitting the case to the jury, counsel for both parties met with the trial judge in chambers to go over the instructions which would be given, and to make their objections. It was agreed that the objections which were made in chambers would be subsequently dictated to the court reporter after the case had been submitted to the jury.[1] Although, Nelson relies on his objection to Instruction No. 21 on the grounds that the statute had been repealed, the record indicates that that objection was not made until more than two hours after the jury had retired to deliberate.

■ The purpose of TR. 51(C) is to guarantee counsel the opportunity to make objections which will afford the trial court the opportunity to correct any instruction before giving it to the jury if it is erroneous. Absent proper objections to instructions, once those instructions are read to the jury, they become the law of the case. *State v. Hall* (1981), Ind.App., 415 N.E.2d 89.

■ Nelson's failure to timely object to Instruction No. 21 on the grounds that the statute had been repealed, must result in no preservation of the alleged error for our review. *DDR Computer Serv. Bureau v. Davis* (1980), Ind.App., 411 N.E.2d 722.

The trial court adopted defendants' Instruction No. 2 as its own Instruction No. 8 and instructed the jury as follows:

"Contributory negligence is the failure of a plaintiff to use reasonable care to avoid injury to himself, which failure is a proximate cause of the injuries for which he seeks to recover. You are instructed that in any negligence law suit, the person seeking recovery of damages has a duty to exercise reasonable care for his own safety. The law requires that every person having the capacity to exercise ordinary care is required to do so for his own protection; and if a person fails to use such care in order to avoid injury to himself he is guilty of contributory negli-

---

1. It has been previously stated by this Court that the practice used here is not the preferred procedure. *See, Manning v. Allgood* (1980), Ind.App., 412 N.E.2d 811; *Piwowar v. Washington Lumber & Coal Co.* (1980), Ind.App., 405 N.E.2d 576.

gence. If his negligent conduct proximately contributes to his injury, *to any degree*, his claim is totally barred by law even if the other party may have been negligent to some degree.

"If you find, from a fair preponderance of the evidence that the plaintiff failed to exercise reasonable care for his own safety and if you further find from a fair preponderance of the evidence that the plaintiff was guilty of contributory negligence in failing to exercise ordinary care for his own protection, and if you further find from a fair preponderance of the evidence that such negligent conduct by him proximately contributed to his injury, *to any degree*, then you should find against the plaintiff on the question of liability and you may enter judgment in favor of the defendants."

*Record* at 155.

Nelson objected to Instruction No. 8: "The Plaintiff objects to the giving of Court's Instruction No. 8 for the reason that it is not a fair statement of the law in that it puts upon the Plaintiff a greater duty of care as proposed by law and it is a repetition of the instruction regarding contributory negligence, which has been given by the Court."

*Record* at 1280–1281.

 However, in his motion to correct errors, Nelson merely asserts generally that the trial court erred in giving certain instructions and then sets forth the instructions. He does not set forth any grounds for his objection to the instruction either in his motion or in any supporting memorandum. The complaining party has a duty to state an alleged error with specificity in his motion to correct errors in order to permit the trial court to review the exact legal issue involved. Failure to do so waives the claimed error on appeal. *Diaz v. Duncan* (1980), Ind.App., 406 N.E.2d 991. Therefore, Nelson has waived any error with respect to Instruction No. 2.

Furthermore, it appears Nelson is now arguing different grounds for his objection to the instruction than he stated during trial. His trial objection was that the instruction was repetitious of other instructions given by the trial court. Yet in his brief on appeal, Nelson argues that the instruction is, within itself, a repetitious instruction. Nelson's failure to rely on the objection he made at trial also results in his failure to preserve any error.

Absent the fact Nelson has waived this issue, we would still not find the instruction to be either internally or externally repetitious. The trial court gave no other instructions to the jury which defined contributory negligence. A reading of Instruction No. 2 reveals that it merely contains a definition of contributory negligence and the general principles involved therein.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

RATLIFF, P. J., participating by designation, concurs.