**Colangelo**
**v.**
**Cashelmara Co.**
*[Cite as 8 AOA 326]*

Case No. 57581
Cuyahoga County, (8th)
Decided November 21, 1990

John M. Manos, Zellmer & Gruber, 1400 Leader Building, Cleveland, Ohio 44114, for Plaintiffs-Appellees.

Frank Soldat, 2060 Illuminating Building, Cleveland, Ohio 44113, for Defendants-Appellants.

John Wheeler, 1801 East 9 Street, Cleveland, Ohio 44114, for Spartico DiBenedetto.

MATIA, P.J.

Defendants-appellants, Cashelmara Co., et al., appeals from the judgment of the trial court granting reformation of contract.

### I. THE FACTS
### A. THE MUTUAL MISTAKE OF BOTH PARTIES

On June 20, 1984, plaintiff-appellees James and Carol Colangelo (hereinafter appellees) entered into a purchase agreement with defendants-appellants, Cashelmara Co., et al. (hereinafter appellants), to purchase condominium unit number 39, described as "containing approximately 2,000 square feet." The agreed purchase price of the condomini-

um was One Hundred Dollars ($100.00) per square foot.

In early 1985 appellees discovered that the unit was listed in the Condominium Association's Declarations and Bylaws as being 1,700 square feet. This discrepancy could not be settled satisfactorily between the parties and their attorneys.

### B. THE BENCH TRIAL TO THE COURT OF COMMON PLEAS

In December 1988, the claim was tried to the court, which determined that a mutual mistake existed between the parties because of the definition used by the parties to determine the square footage of the condominium.

The trial court reformed the contract and awarded the appellees the difference between what was paid at 2,000 square feet and the actual footage of 1,700 square feet.

### C. THE VERDICT

In December 1988, the claim was tried to the court which found for the appellees against the appellants Cashelmara Co., Robert Corna, individually; the Estate of Spartico DiBenedetto; the Estate of Spartico DiBenedetto as Trustee; and Patricia Corna as Trustee.

Appellees were awarded $30,000 for their overpayment of the purchase price plus interest from June 20, 1984.

### D. THE TRIAL COURT'S JUDGMENT

"Judgment for appellees. Appellees are entitled to $30,000 reduction in the agreed upon sale price to reflect the 300 square foot difference between what the parties believed the unit to contain and its actual size. Appellees are further entitled to prejudgment interest on the $30,000 from June 30, 1984 at the rate of 10% per annum. Appellees are entitled to judgment against Cashelmara Co. and each individual partner as required by Ohio Revised Code Section 1775.14."

### E. APPELLANTS' TIMELY APPEAL

Thereafter, the appellants timely brought the instant appeal from the judgment based on reformation of contract, and the judgment of the trial court.

### II. THE FIRST ASSIGNMENT OF ERROR

The appellants' first assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING JUDGMENT FOR THE PLAINTIFFS, SUCH JUDGMENT BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

The appellants, in their first assignment of error, argue that the trial court erred by reforming the contract between the parties. Specifically, the appellants argue that there was no clear and convincing evidence that because of mutual mistake, the writing did not express the intention of the parties.

This assignment of error is not well taken.

### A. REFORMATION OF CONTRACT

Reformation of contract is available upon clear and convincing evidence. Restatement of Law 2d, Contracts (1932), Section 155, Comment c. In actions such as this where reformation of an instrument is sought, the mistake and its mutuality, set up as a ground for such reformation, must be proved by clear and convincing evidence. *Farr v. Ricker* (1889), 46 Ohio St. 265.

The mere fact that at the time of trial the appellants' and appellees' testimony differs as to what their agreement was does not necessarily mean that there was no agreement between them; nor does it necessarily mean that they were not mutually mistaken concerning the expression of their agreement in the instrument. *Castle v. Daniels* (1984), 16 Ohio App. 3d 209.

The province of reformation is to make a writing express the agreement that the parties intended. Restatement of the Law 2d, Contracts (1981) 406, Section 155, Comment a.

The written purchase agreement which both parties signed was based on a purchase price of $100.00 per square foot. The parties understood that the square footage of a unit was calculated based upon the usable living area of the unit. Appellants were of the belief that the unit would have approximately 2,000 square feet of living area. The appellees were under the same belief and the 2,000 square feet became a basis for calculating the price of the unit. (Tr. 79, 82-83.)

The actual size of the unit as stated in the Declarations and Bylaws of the Condominium Association, and also according to expert testimony, is approximately 1,700 square feet. (Tr. 118; Trial Exhibit 6.)

The purchase agreement as written does not express the true agreement between the parties by reason of their mutual mistake

concerning the size of the unit. Once the existence of mutual mistake is established, it is within "the province of reformation to make a writing to express the agreement that the parties intended it should." *Castle v. Daniels, supra.*

## B. CONCLUSION

Therefore, the trial court did not err in reforming the contract to reflect the understanding of the parties, to wit: "that the sale price based on $100.00 per square feet and a square footage of 1,700 square feet in an amount reduction of $30.000.00."

Thus, upon review of the record, the trial court's decision is sufficiently supported by the evidence and the trial court did not err in finding that the appellees had met their burden of proving mutual mistake. Finding mutual mistake, it was within the province of the court to reform the contract to correctly state the intention of the parties.

Consequently, the appellants' first assignment of error is not well taken.

## III. THE SECOND ASSIGNMENT OF ERROR

The appellants' second assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS ROBERT CORNA, INDIVIDUALLY; THE ESTATE OF SPARTICO DIBENEDETTO; THE ESTATE OF SPARTICO DIBENEDETTO AS TRUSTEE; AND PATRICIA CORNA AS TRUSTEE BY ENTERING JUDGMENT AGAINST THEM DIRECTLY (AS PARTNERS IN DEFENDANT CASHELMARA CO.)."

The appellants, in their second assignment of error, argue that the trial court erred by entering judgment against Robert Corna, individually; the Estate of Spartico DiBenedetto; the Estate of Spartico DiBenedetto as Trustee, and Patricia Corna as Trustee. Specifically, the appellants argue that no evidence presented at trial invalidated the contractual provision limiting liability to Cashelmara Co.

This assignment of error is not well taken.

R.C. 1775.14 provides that partnerships are jointly and severally liable. The provisions of R.C. 1775.14 state that subject to section 1339.65 of the Revised Code, all partners are liable as follows:

"...a) jointly and severally for everything chargeable to the partnership under sections 1775.12 and 1775.13 of the Revised Code; and

"b) jointly for all other debts and obligations of the partnership, but any partner may enter into a separate obligation to perform a partnership contract."

Contractual provisions purporting to relieve individual partners from liability are contrary to R.C. 1775.14 and are unenforceable.

## A. EXCULPATORY CLAUSES ARE AGAINST PUBLIC POLICY

The clause in the purchase agreement to limit liability is contrary to statute and public policy. An agreement is against public policy if it is injurious to the interests of the public, contravenes some established interest of society, or violates a public statute. 17 Am. Juris 2d (1964), 541. Consequently, the trial court did not err by invalidating the contractual provision to limit liability.

The appellants' second assignment of error is not well taken.

## IV. THE THIRD ASSIGNMENT OF ERROR

The appellants' third assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING JUDGMENT FOR THE PLAINTIFFS, AS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW FAILED TO CONFORM TO THE EVIDENCE."

There are five (5) sub-issues subsumed under the third assignment of error. These issues are similar and will be treated together.

"A. ISSUE: EVIDENCE PRESENTED TO THE TRIAL COURT INDICATED THAT THERE WAS NO MUTUAL MISTAKE BY THE PARTIES.

"B. ISSUE: COURT FAILED TO RENDER CONCLUSIVE FINDING THAT PARTIES MUTUALLY MISTAKEN.

"C. ISSUE: REFORMATION IS IMPROPER WHERE THE PARTY SEEKING IT HAS BEEN NEGLIGENT.

"D. ISSUE: REFORMATION IS IMPROPER WHERE THE PARTY SEEKING REFORMATION ACQUIESCED AND ACCEPTED THE SUBJECT OF THE INSTRUMENT AS CONVEYED.

"E. WHERE THERE ARE GENERAL AND SPECIFIC PROVISIONS OF A CONTRACT RELATIVE TO THE SAME THING, THE MEETING OF THE SPECIFIC TERMS SATISFIES THE OBLIGATIONS OF THE PARTIES TO THE CONTRACT."

Thus appellants, in their third assignment of error, argue that there was no mutual mistake made by both parties. Specifically, the appellants argue that there was no mutual mistake by the parties regarding the term "square feet", and that the appellees acquiesced and accepted the agreement as written.

This assignment of error is not well taken.

### A. TRIAL COURT CONCLUSIVELY FOUND MUTUAL MISTAKE

Mutual mistake can be found despite the fact that the parties' testimony differs at time of trial as to what the agreement and understanding was. Nor does it necessarily mean that they were not mutually mistaken concerning the expression of their agreement in the instrument. *Castle v. Daniels, supra;* 13 Ohio Jurisprudence 3d (1979), 363, Cancellation, etc. of Instruments, section 76.

The trial court determined that the appellees were under the mistaken belief they were purchasing 2,000 square feet. (Tr. 30.) Further, the court found that appellants were under the mistaken belief they were selling 2,000 square feet (Tr. 30.).

Both parties agreed the base price of the unit was based upon a figure of $100.00 per square foot (Tr. 79, 80). The parties understood that the square footage of a unit was calculated based upon the usable living area of the unit. (Tr. 79, 82, 83).

In actuality, the unit contains approximately 1,700 square feet. The 1,700 square feet of living area was noted in the Bylaws and Declarations of the Condominium Association (Tr. 118, Trial Exhibit 6).

Thus, the trial court did not err in finding mutual mistake.

### B. CONCLUSION

The appellees signed the purchase agreement after being assured by appellants that the living area of the condominium was 2,000 square feet (Tr. 30).

Further, the appellees had their attorney Martin Mehall review the document. The attorney inserted the phrase (approximately 2,000 square feet) with an asterisk into the agreement. (Tr. 30.)

Thus, the document signed by appellees was believed by appellees to accurately reflect their bargain.

The trial court did not err in finding absence of negligence on the part of the appellees.

### V. THE FOURTH ASSIGNMENT OF ERROR

The appellants' fourth assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING JUDGMENT FOR THE PLAINTIFFS, AS THE CONCLUSIONS OF LAW CANNOT BE RECONCILED TO THE FINDINGS OF FACT CONTAINED IN THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW."

This assignment of error has been treated in Assignments of Error I and III and found to be not well taken.

### VI. THE FIFTH AND SIXTH ASSIGNMENTS OF ERROR

The fifth and sixth assignments of error are similar and will be treated together.

The appellants' fifth assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING A MONETARY JUDGMENT FOR THE PLAINTIFFS WHERE THE PRAYER FOR RELIEF WAS FOR REFORMATION OF CONTRACT."

The appellants' sixth assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN GRANTING A MONETARY JUDGMENT FOR THE PLAINTIFFS IN VIOLATION OF THE DEFENDANTS-APPELLANTS' RIGHTS TO TRIAL BY JURY."

The appellants in their fifth assignment of error argue that the trial court erred by granting the appellees a monetary judgment.

The appellants in their sixth assignment of error argue that the trial court erred by granting a monetary judgment without a trial by jury.

### A. REFORMATION OF CONTRACT IS AN ACTION IN EQUITY

The province of this law of reformation of contract is to reduce to writing to express the agreement which the parties intended. Re-

statement of the Law 2d, Contracts (1981) 406, Section 155, comment a.

Restitution is an equitable remedy used to make an injured party whole. At the core of the law of restitution is the principal that "a person who has been unjustly enriched at the expense of another is required to make restitution to the other ...." Restatement (1937), Restitution, p. 1.

Therefore, when the contract has to be reformed because of mutual mistake, the purchaser may have pro rata restitution of the purchase price. *Paine v. Upton* (1882), 87 N.Y. 327; Restatement, Second, Contracts, Section 158, ill. 1. The trial court did not err by awarding appellees a monetary judgment. To reform the contract to reflect the intention of the parties, was to provide that the appellants pay back to the appellees the agreed upon pro rata purchase price of $100.00 per square foot. This amounted to a $30,000 overpayment, which in equity should have been returned to the injured party, the appellees.

Therefore, the trial court did not err by awarding a monetary judgment to appellees.

The monetary judgment awarded the appellees was a restitutionary remedy to make the injured party whole. Therefore, a jury trial was not mandated.

The fifth and sixth assignments of error are not well taken.

## VII. THE SEVENTH ASSIGNMENT OF ERROR

The appellants' seventh assignment of error is that:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS IN IMPOSING LIABILITY AGAINST THE PARTNERS OF CASHELMARA CO. PURSUANT TO OHIO REVISED CODE §1775.14."

The appellants in their seventh assignment of error argue that the trial court erred by granting judgment against the partners of Cashelmara Co. Specifically, the appellants argue that R.C. 1775.14 does not relate to claims based upon reformation of contract.

This assignment of error is not well taken.

## A. R.C. 1775.14 GOVERNS THE LIABILITY OF PARTNERSHIP

The seventh assignment of error has been treated under Assignment of Error II and hence is not well taken.

Appellants' argument that R.C. 1775.14 concerns only tortious and wrongful conduct, and not that of reformation of contract is without merit. R.C. 1775.14 applies to contract law and therefore applies to this reformation of contract action.

The common law does not recognize a partnership as a legal entity distinct from and independent of the persons composing it. 40 American Jurisprudence, section 430, p. 429.

There is no statute in Ohio authorizing actions in partnership obligations against a partnership as a separate legal entity, therefore an action to enforce partnership liabilities must be brought against the individual partners. In the absence of a statute or rule of civil procedure authorizing an action on a partnership obligation against the partnership as a separate legal entity, an action to enforce the obligation must be brought against the individual partners. *Lewis v. Joseph Hartley & Sons Co.* (Ind. App. 1949), 83 N.E. 2d 438 (action to recover for breach of contract).

R.C. 1775.14 applies to contract law and therefore applies to this reformation of contract action. Since there is no statute in Ohio which authorizes actions in partnership obligations against a partnership as a separate legal entity, liability must be brought against the 'individual partners of Cashelmara Co. pursuant to R.C. 1775.14.

Thus the trial court did not err to the prejudice of appellants in imposing liability against the partners of Cashelmara Co.

The trial court is affirmed.

CORRIGAN, J., concurs.

NAHRA, J., concurs in judgment only.